UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT BERNI, JR.,

        Petitioner,

v.                                      CASE NO. 07-CV-12523
                                        HONORABLE PAUL V. GADOLA

WARDEN EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I. Introduction**

Robert Berni, Jr. ("Petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges the Bureau of Prisons' ("BOP") determination that he is ineligible for a one-year sentence reduction under the provisions of 18 U.S.C. § 3621(e) upon his successful completion of a residential drug abuse treatment program because he previously received such a reduction on a prior sentence. For the reasons stated herein, the Court denies the petition for writ of habeas corpus.

**II. Background**

Petitioner was convicted of conspiracy to distribute marijuana in the United States District Court for the District of Delaware. He was sentenced to 60 months imprisonment and three years of supervised release on September 11, 1995. While serving that sentence, Petitioner completed the

1

BOP's Residential Drug Abuse Treatment Program ("RDAP") and received a 357-day reduction in his sentence pursuant to the early release benefit of 18 U.S.C. § 3621(e). He was released from prison on August 18, 1998.

Petitioner was subsequently convicted of conspiracy to distribute marijuana in the United States District Court for the District of Minnesota. He was sentenced to 96 months imprisonment and four years of supervised release on February 24, 2005. He is currently in federal custody and has a projected release date of October 1, 2011.

On October 22, 2006, Petitioner filed an administrative remedy request with the warden asking that he be deemed eligible for the early release benefit of 18 U.S.C. § 3621(e) upon successful RDAP completion. The warden denied the request because Petitioner had received the early release benefit and was granted a sentence reduction on his prior sentence. Petitioner appealed this decision to the regional office and the central office for inmate appeals, which affirmed the warden's decision.

Petitioner thereafter filed the present habeas corpus petition asserting that he should be deemed eligible for the early release benefit a second time because 28 C.F.R. § 550.58 does not preclude such a request. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**III. Discussion**

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("the Act"), which in part directed the BOP to make appropriate substance abuse treatment available for each prisoner whom the BOP determines has a treatable condition of substance abuse or addiction. *See* 18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). The BOP has published a regulation, 28 C.F.R. 550.58, and several program statements to implement the early release program. Regulation 550.58 establishes criteria which govern eligibility determinations. Program Statement 5331.01 provides that "inmates returning on supervised release violations and/or inmates who are sentenced for new offenses are not eligible for early release if they received it previously."

Petitioner contends that the warden abused his authority by finding him ineligible to receive a sentence reduction under 18 U.S.C. § 3621(e) upon successful RDAP completion due to the fact that he had received the early release benefit and was granted a sentence reduction on his prior sentence. It is well-established that the BOP has broad discretion in administering a prisoner's sentence. *See Lopez v. Davis*, 531 U.S. 230, 238-43 (2001). The United States Supreme Court has stated that the BOP "may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." *Id.* at 240 (internal citations omitted). Furthermore, federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection. *See, e.g., Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998); *accord Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000) (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider an inmate for a sentence reduction did not violate his due process rights).

In this case, it is undisputed that Petitioner received nearly a one-year sentence reduction on his first sentence for successful RDAP completion. He then committed another crime and was

returned to prison. Pursuant to Program Statement 5331.01, he is not entitled to a sentence reduction on his current sentence for successful RDAP completion because he previously received such an early release benefit and sentence reduction. Section 3621(e) does not require the BOP to grant Petitioner a one-year sentence reduction; it merely permits the BOP to do so. Nothing in the statute or the early release regulation, 28 C.F.R. § 550.58, requires the BOP to provide Petitioner with a second sentence reduction. The BOP validly exercised its discretion in finding Petitioner ineligible for the early release benefit and a second sentence reduction under Program Statement 5331.01.

The Court notes that the BOP's program statements are entitled to "some deference." *Reno v. Koray*, 515 U.S. 61 (1995). Moreover, the BOP has "substantial discretion" in its decision-making, *Orr*, 156 F.3d at 653, and has "broad discretion to grant or deny the one-year reduction" under § 3621. *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997); *see also Lopez*, 531 U.S. at 241. Petitioner has not shown that the BOP exceeded its authority or abused its discretion in finding him ineligible for early release based upon Program Statement 5331.01 and the fact that he previously received such a benefit and was given a sentence reduction on his prior sentence. *See Bischoff v. Genesis House*, No. 06-CV-10545 (E.D. Mich. June 8, 2006) (Rosen, J.) (ruling that the BOP did not abuse its discretion, violate the statute, or violate an inmate's constitutional rights under the due process, equal protection, or ex post facto clauses by refusing to reduce his sentence where he had previously received credit on his initial sentence for successful RDAP completion and then violated the conditions of his supervised release and committed another crime); *see also McBride v. Lamanna*, No. 8:05-1682-25, 2006 WL 463585 (D.S.C. 2006); *aff'd*, 196 Fed. Appx. 228 (4th Cir. 2006) (denying relief on similar claim).

Petitioner has not established that he is being held "in custody in violation of the Constitution

or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and therefore, habeas relief is not warranted.

**IV. Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to habeas relief on the claim presented in his petition.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: __August 20, 2008__                    s/Sean F. Cox for
                                                                 HONORABLE PAUL V. GADOLA
                                                                 UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on __August 20, 2008__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: __Patricia G. Gaedeke__, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
__Robert Berni, Jr.__.

                                                                     s/Ruth A. Brissaud
                                                                     Ruth A. Brissaud, Case Manager
                                                                     (810) 341-7845